UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KIMBERLY KOCAK, § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> NICK & SAM'S STEAK & FISH § <br> HOUSE LTD and GARRETT § <br> JOHNSON, § <br> § <br> *Defendants.* § <br> § | Civil Action No. 3:21-CV-02259-X |

## MEMORANDUM OPINION AND ORDER

Before the Court are the defendants' motions to dismiss. [Doc. Nos. 15 and 27]. For the reasons explained below, the Court **GRANTS IN PART** and **DENIES IN PART** Nick & Sam's Steak & Fish House Ltd.'s (Nick and Sam's) motion to dismiss with respect to plaintiff Kocak's sex discrimination claims under Title VII and the Texas Labor Code. The Court **DENIES** Nick & Sam's motion to dismiss with respect to Kocak's negligence claim and her retaliation claims under Title VII and the Texas Labor Code. The Court **GRANTS** defendant Garrett Johnson's motion to dismiss Kocak's assault and battery claim against him and **DISMISSES WITHOUT PREJUDICE** this claim.

### I. Factual Background

Kocak was a waitress at Nick & Sam's from October 2015 to August 2020. She alleges that starting in March 2019, Garrett Johnson began dining at the restaurant

1

on a weekly basis. And Kocak says she was his waitress "nearly every time."[1] According to Kocak, Johnson "frequently made sexist remarks toward [her] and [another] female waitress."[2] Her complaint recounts numerous inappropriate comments Johnson allegedly made to Kocak and another female waitress.

Kocak claims that "[o]n several occasions between March 2019 and August 2019 [she] complained about Johnson's conduct" to the bar manager, but "[n]o remedial action was taken."[3] She alleges that Johnson's behavior escalated, and on August 14, 2019, he physically assaulted her by grabbing her arm, leaving a bruise. After this incident, Kocak says she complained to the bar manager once more, and then complained to the director of operations. After she gave the restaurant a written statement about Johnson's behavior, the restaurant told her that Johnson would not be permitted to renter the restaurant.

But Johnson was undeterred. According to Kocak, for two weeks after he was banned, he tried to enter the restaurant. Each time, Nick & Sam's told him to leave. But "in or around August 2020, Nick & Sam's allowed Johnson to resume his patronage."[4] After Kocak learned from a coworker that Johnson dined in the restaurant when Kocak was not working, she verbally complained to the director of

---

[1] Doc. No. 1 at 4.
[2] *Id.*
[3] *Id.*
[4] *Id.* at 6.

operations about the restaurant's decision. She alleges that two days later she was fired and was told that she was terminated "due to the Garrett situation."[5]

Kocak filed a charge of discrimination with the Equal Employment Opportunity Commission on January 4, 2021, and sued Nick & Sam's on September 22, 2021, for general negligence and, under both Title VII of the Civil Rights Act and the Texas Labor Code, sex-based discrimination and sex-based retaliation. She also filed one count of civil assault and battery against Johnson. Both defendants moved to dismiss her claims.

## II. Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the pleadings by "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs."[6] To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] Although the plausibility standard does not require probability, "it asks for more than a sheer possibility that a

---

[5] *Id.* at 7.

[6] *Hutcheson v. Dall. Cnty.*, 994 F.3d 477, 481–82 (5th Cir. 2021).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[8] *Id.*

3

defendant has acted unlawfully."[9] In other words, the standard requires more than "an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[10]

### III. Analysis

#### A. Nick & Sam's Motion to Dismiss

Nick & Sam's moves to dismiss each of Kocak's claims. The Court addresses each in turn.

**1. Sex discrimination**

In Counts One and Two of her complaint, Kocak alleges that Nick & Sam's discriminated against her based on her sex in violation of Title VII and the Texas Labor Code.[11]

At this stage, "[Kocak] [does] not have to submit evidence to establish a prima facie case of discrimination . . ., [but] [s]he ha[s] to plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make [her] case plausible."[12] The Fifth Circuit has explained that there are two ultimate elements a plaintiff must

---

[9] *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . .").

[10] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

[11] *Black v. Pan Am. Lab'ys, L.L.C.*, 646 F.3d 254, 259 (5th Cir. 2011); *see also Jackson v. Honeywell Int'l, Inc.*, 601 F. App'x 280, 283 n.1 (5th Cir. 2015) ("[D]iscrimination claims brought under . . . the Texas Labor Code are evaluated under the same analytical framework as Title VII claims.").

[12] *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016).

plead to support a disparate treatment claim under Title VII: (1) an 'adverse employment action,' (2) taken against a plaintiff 'because of her protected status.'"[13]

Kocak makes two allegations of discrimination against Nick & Sam's: (1) that "Nick & Sam's decision to allow Johnson to return to the restaurant was discriminatory and harassment towards Plaintiff's sex, based on Johnson's past conduct and Plaintiff's complaints about the same,"[14] and (2) that "Nick & Sam's terminated Plaintiff's employment due to her sex."[15]

The Court grants Nick and Sam's motion to dismiss as to Kocak's sex discrimination claim insofar as it is based on Nick & Sam's decision to allow Johnson to return to the restaurant. This decision cannot support a plausible discrimination claim because it was not an adverse employment action against Kocak. "Adverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating. An employment action that does not affect job duties, compensation, or benefits is not an adverse employment action."[16] Accordingly, insofar as Kocak's discrimination claim is based on her allegation that "Nick & Sam's decision to allow Johnson to return to the restaurant was discriminatory and harassment,"[17] it fails.

---

[13] *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019).

[14] Doc. No. 1 at 6.

[15] *Id.* at 7.

[16] *Welsh v. Fort Bend Indep. Sch. Dist.*, 941 F.3d 818, 824 (5th Cir. 2019) (cleaned up).

[17] Doc. No. 1 at 6.

The rest of Nick & Sam's motion on Kocak's sex discrimination claim is **DENIED**.

**2. Retaliation**

In Counts Three and Four of her complaint, Kocak alleges that Nick & Sam's retaliated against her in violation Title VII and the Texas Labor Code.[18] To survive a Rule 12(b)(6) motion, a plaintiff alleging retaliation must plead facts showing that "(1) she engaged in activity protected under Title VII, (2) an adverse employment action occurred, and (3) there was a causal connection between her protected activity and the adverse employment decision."[19]

Nick & Sam's argues that (1) Kocak's 2019 complaint is too remote in time to support a causal link to her termination and (2) Kocak's 2020 complaint was not protected activity.

As to Nick & Sam's first argument, Kocak's complaint does not rely on temporal proximity alone to prove causation.[20] She pled that management told her

---

[18] The Court analyzes the Title VII and Texas Labor Code claims together. *San Antonio Water Sys. v. Nicholas*, 461 S.W.3d 131, 136–37 (Tex. 2015) ("Because [section 21.001 of the Texas Labor Code] was enacted in part to 'provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments,' [Texas courts] look to relevant federal law for guidance when the relevant provisions of Title VII are analogous." (citing TEX. LAB. CODE § 21.001(1))).

[19] *Gardner v. CLC of Pascagoula, L.L.C.*, 915 F.3d 320, 327–28 (5th Cir. 2019) (cleaned up). "The substantive law governing Title VII and [Texas Labor Code] retaliation claims is identical." *Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014).

[20] Nick & Sam's cites *Chhim v. University of Texas at Austin*, in support of its argument. But in *Chhim*, the plaintiff "appear[ed] to rely solely on temporal proximity between the protected activity and the adverse [employment decision]." No. A-15-CV-919 LY, 2016 WL 154142, at *5 (W.D. Tex. Jan. 11, 2016), *aff'd*, 836 F.3d 467 (5th Cir. 2016). Similarly, Nick & Sam's cites *Myers v. Crestone International, LLC*, where the plaintiff's "only evidence of a connection between her firing and her activity . . . [was] the timing." 121 F. App'x 25, 28 (5th Cir. 2005). The Supreme Court cited with approval "cases that accept mere [very close] temporal proximity . . . as sufficient evidence of causality." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001).

that her termination was "due to the Garrett situation."[21]  In other words, Kocak need not rely on the timeline of events to show a causal connection; Nick & Sam's provided the causal connection when it told her that "the Garrett situation"—which began in 2019—was the reason for Kocak's termination.  So Kocak satisfies prongs two and three.

As to Kocak's 2020 complaint, Nick & Sam's argues that her complaint cannot support her retaliation claim because it was not protected activity under Title VII. "An employee has engaged in activity protected by Title VII if she has either (1) 'opposed any practice made an unlawful employment practice' by Title VII or (2) 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII."[22]  "To satisfy th[e] opposition requirement, [Kocak] need only show that she had a reasonable belief that the employer was engaged in unlawful employment practices."[23]  "[M]agic words are not required, but protected opposition must at least alert an employer to the employee's reasonable belief that unlawful discrimination is at issue."[24]  "A plaintiff's belief is

---

[21] Doc. No. 1 at 7.

[22] *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996) (quoting 42 U.S.C. § 2000e–3(a)).

[23] *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007) (cleaned up); *Payne v. McLemore's Wholesale & Retail Stores*, 654 F.2d 1130, 1140 (5th Cir. Unit A Sept. 1981).

[24] *France v. Lockheed Martin Corp.*, No. 4:18-CV-317-Y, 2018 WL 10561526, at *5 (N.D. Tex. Oct. 10, 2018) (quoting *Brown v. United Parcel Serv., Inc.*, 406 F. App'x 837, 840 (5th Cir. 2010)).

not objectively reasonable if the law is settled that the employment practice complained of is not unlawful under Title VII."[25]

The Court finds that at this stage, Kocak's allegations are sufficient. She pled that she complained to Nick & Sam's about Johnson's "harassment" on numerous occasions and was subsequently fired for doing so. Kocak does not have to prove at this stage that Nick & Sam's practices were unlawful. And her belief is not contrary to settled federal law, as employers can be responsible for acts of sexual harassment in the workplace under certain circumstances.[26]

### 3. Negligence

Finally, in Count Four, Kocak sues Nick & Sam's for negligence. Nick & Sam's argues that Kocak's negligence claim is preempted by the Texas Worker's Compensation Act, which "provides the exclusive remedy for injuries sustained by an employee in the course of his employment as a result of his employer's negligence" except for intentional injuries.[27] In support of its motion, Nick & Sam's attaches a declaration to prove that it subscribed to worker's compensation. "[A]t the motion to dismiss stage . . . courts must limit their inquiry to the facts stated in the complaint

---

[25] *Kummerle v. EMJ Corp.*, 3:11-CV-2839-D, 2012 WL 2995065 (N.D. Tex. July 23, 2012) (Fitzwater, J.) *aff'd*, 538 Fed. App'x 373 (5th Cir. 2013); *Evans-Rhodes v. Nw. Diagnostic Clinic, P A.*, No. 4:13-CV-01626, 2013 WL 5603003, at *4 (S.D. Tex. Oct. 11, 2013) (citing *Wilson v. Delta State Univ.*, 143 F. App'x 611, 613–14 (5th Cir. 2005) (explaining that Title VII protects the plaintiff who has a mistaken belief as to whether unlawful conduct is in fact occurring, not the plaintiff who is incorrect as to whether certain conduct is unlawful)).

[26] *See generally Gardner*, 915 F.3d at 322; 29 C.F.R. § 1604.11(e).

[27] *Johnson v. Caroli*, No. 21-20231, 2022 WL 1499280, at *2 (5th Cir. May 12, 2022) (quoting *Ward v. Bechtel Corp.*, 102 F.3d 199, 203 (5th Cir. 1997)).

8

and the documents either attached to or incorporated in the complaint."[28] The document Nick & Sam's points to was neither attached to nor incorporated in the complaint, so the Court will consider this argument at the motion for summary judgment stage.

### B. Johnson's Motion to Dismiss

Johnson filed a motion to dismiss under Rule 12(b)(6), or alternatively under Rule 12(b)(1). Because Rule 12(b)(1) concerns this Court's jurisdiction, the Court addresses the 12(b)(1) arguments first.[29]

#### 1. Rule 12(b)(1)

Johnson argues this Court lacks jurisdiction over Kocak's assault and battery claim against Johnson because it does "not arise out of a 'common nucleus of operative fact,' are capable of being pursued on their own in state court, and are not proper federal questions."[30] Kocak argues that the claims are sufficiently related such that this Court can exercise its supplemental jurisdiction over the state law claims.

"Federal district courts have 'supplemental jurisdiction over all . . . claims that are so related to claims in the action within [the district court's] original jurisdiction that they form part of the same case or controversy under Article III.'"[31] So, "[t]he

---

[28] *Wilson v. Birnberg*, 667 F.3d 591, 600 (5th Cir. 2012) (cleaned up).

[29] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").

[30] Doc. No. 28 at 6.

[31] *D'Onofrio v. Vacation Publ'ns, Inc.*, 888 F.3d 197, 206 (5th Cir. 2018) (alterations in original) (quoting 28 U.S.C. § 1367(a)).

question . . . is whether the supplemental claims are so related to the original claims that they . . . derive from a common nucleus of operative fact."[32] The Court denies the motion on this ground. The Court finds that there is a common nucleus of operative fact between Kocak's discrimination claims against Nick & Sam's and her state law tort claims against Johnson.

### 2. Rule 12(b)(6)

Next the Court turns to Johnson's motion under Rule 12(b)(6). He argues that Kocak's claim against him should be dismissed for two reasons: (1) her claim is barred by the statute of limitations and (2) she has failed to state a claim.

"The elements of a civil assault mirror those of a criminal assault."[33] Under section 22.01(a) of the Texas Penal Code, a person commits assault if the person:

(1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;

(2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or

(3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.[34]

Kocak alleges that Johnson violated section 22.01(a)(3), and under this section, she must plead that (1) Johnson intentionally or knowingly caused the contact with her and (2) that Johnson knew or reasonably should have believed that Kocak would

---

[32] *Id.* (cleaned up).

[33] *Loaisiga v. Cerda*, 379 S.W.3d 248, 256 (Tex. 2012).

[34] TEX. PENAL CODE § 22.01.

find the contact offensive or provocative. Kocak may very well have properly pleaded a claim under section 22.01(a)(3) by alleging that Johnson forcefully grabbed her left arm. But her section 22.01(a)(3) argument still fails because this act occurred in August 2019, past the two-year statute of limitations for personal injury under Texas law.[35] And because Kocak does not allege that Johnson caused any physical contact after August 2019, section 22.01(a)(1) likewise cannot serve as the basis for her claim, because that provision requires bodily injury.

That leaves section 22.01(a)(2), which would require Kocak to allege that Johnson intentionally or knowingly threatened her with imminent bodily injury within the two-year statute of limitations. In her complaint, Kocak alleges that Johnson "looked directly at [her] and screamed, 'You're going to believe this b[****] over me?'"[36] Kocak does not allege when Johnson made this statement. Because it is possible that Johnson made this statement within the two-year statute of limitations and because, taking that statement in the light most favorable to Kocak—the statement could potentially serve as the basis for an assault claim under section 22.01(a)(2). Therefore, the Court will grant Kocak 28 days to file an amended

---

[35] TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a).

[36] Doc. No. 1 at 6.

complaint attempting to cure this defect and bringing a claim under Texas Penal Code section 22.01(a)(2) instead of section 22.01(a)(3).

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Nick & Sam's motion to dismiss with respect to Kocak's Title VII and Texas Labor Code sex discrimination claims.

The Court **DENIES** Nick & Sam's motion to dismiss with respect to Kocak's negligence claim and her Title VII and Texas Labor Code retaliation claims.

The Court **GRANTS** Johnson's motion to dismiss Kocak's assault and battery claim against him and **DISMISSES WITHOUT PREJUDICE** this claim. Because the Court must "freely give leave [to amend] when justice so requires,"[37] The Court **GRANTS** Kocak 28 days from the entry of this Order to file an amended complaint attempting to cure the defect that the Court identified.

**IT IS SO ORDERED** this 23rd day of August, 2022.



BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[37] FED. R. CIV. P. 15(a).